UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARMONE D. DAVIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-69-JD-MGG |
| MCCOLLUM, et al., | |
| Defendants. | |

OPINION AND ORDER

Jarmone D. Davis, a prisoner without a lawyer, filed a complaint containing unrelated claims. He has sued Lt. McCollum, the officer in charge of the property room, alleging his constitutional rights were violated because he was deprived of his property, including hygiene products, shower shoes, underwear, towels, a tablet, and television for nine days from November 13, 2021 to November 22, 2021, when he was transferred to AHU, a restrictive housing unit. ECF 1 at 2. Davis asserts that, after his transfer to AHU, he had to lie in his own filth for nine days because he did not have the items he needed to take a shower. *Id*. He further asserts he asked for supplies to clean his cell, but he was never given any supplies to clean the spit, blood, urine, and dirt in his cell. *Id*. Davis has also sued Ms. Jiles, who is in charge of the GTL phone service, alleging she violated his constitutional rights because he could not access his telephone for two months as his PIN code no longer worked after he was transferred to AHU. *Id*. at 3. It does not appear that there is any relationship between these events. *Id*. "Unrelated

claims against different defendants belong in different suits . . ..” *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. (“The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants.”). This is the fairest solution because “the plaintiff as master of the complaint may present (or abjure) any claim he likes.” *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Davis because “[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21.” *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because “[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . ..” *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Davis is unable to select related claims on which to proceed in this case, one of these options may become necessary. Davis needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including

only a discussion of the related claims and defendants. In his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Jarmone D. Davis along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and a blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis form;[1]

(2) GRANTS Jarmone D. Davis until **October 7, 2022**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Jarmone D. Davis if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on September 7, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Should Davis require additional forms, he may obtain them from the prison's law library.