UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARMONE D. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MCCOLLUM, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-69-JD-JPK |

OPINION AND ORDER

Jarmone D. Davis, a prisoner without a lawyer, filed a complaint that contains unrelated claims. ECF 1. In this court's September 7, 2022, order, his allegations were summarized as follows:

> He has sued Lt. McCollum, the officer in charge of the property room, alleging his constitutional rights were violated because he was deprived of his property, including hygiene products, shower shoes, underwear, towels, a tablet, and television for nine days from November 13, 2021 to November 22, 2021, when he was transferred to AHU, a restrictive housing unit. ECF 1 at 2. Davis asserts that, after his transfer to AHU, he had to lie in his own filth for nine days because he did not have the items he needed to take a shower. *Id*. He further asserts he asked for supplies to clean his cell, but he was never given any supplies to clean the spit, blood, urine, and dirt in his cell. *Id*. Davis has also sued Ms. Jiles, who is in charge of the GTL phone service, alleging she violated his constitutional rights because he could not access his telephone for two months as his PIN code no longer worked after he was transferred to AHU. *Id*. at 3.

ECF 8.

After reviewing the complaint, the court explained to Davis that "[u]nrelated claims against different defendants belong in different suits . . . ." ECF 8 at 1-2 (quoting

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The court further explained that when a *pro se* prisoner files a suit with unrelated claims, the court has several options, but allowing the plaintiff to amend his complaint to include only related claims is the fairest solution. *Id*. at 2 (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009)). Davis was given an opportunity to amend his complaint. *Id.* at 3. The court explained to Davis that the court could properly limit this case by picking a claim or related claims for him. *Id*. at 2. And, he was warned that, if he could not select a claim or related claims on which to proceed in this case, it might become necessary for the court to pick for him. *Id.* Davis did not file an amended complaint. Therefore, the court will pick a claim for him.

After considering the allegations in his complaint, the court selects Davis's claim pertaining to his allegation that Lt. McCollum subjected him to unconstitutional conditions of confinement for a nine-day period from November 13, 2021, to November 22, 2021, during which he was deprived of his personal property. The court has determined that the remaining potential claim identified in the earlier order is unrelated to the conditions of confinement claim against Lt. McCollum and therefore cannot proceed here. In other words, Davis's claim that Ms. Jiles, who is in charge of the GTL phone service, violated his constitutional rights because he could not access his telephone for two months as his PIN code no longer worked, is not related to his conditions of confinement claim against Lt. McCollum. Therefore, that claim will be dismissed.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Regarding the claim the court has decided to consider in this lawsuit, Davis states that, on November 13, 2021, he was transferred to AHU, a restrictive housing unit at his facility. ECF 1 at 2. After the transfer, he asserts that Lt. McCollum, the officer in charge of the property room, deprived him of his personal property, including hygiene products, shower shoes, underwear, towels, a tablet, and television for nine days from November 13, 2021 to November 22, 2021. *Id*. He states he had to lie in his own filth because he did not have the items he needed to take a shower. *Id*. Davis asked someone (he does not say who) for cleaning supplies, but he was never given any supplies to clean the spit, blood, urine, and dirt in his cell. *Id*. Custody officers told him that Lt. McCollum was responsible for returning his property to him, but Davis does not describe any communication between himself and Lt. McCollum regarding his property. *Id*.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts

3

conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). While Davis claims Lt. McCollum deprived him of his personal property for nine days, his allegations appear to be based on other officers telling him that Lt. McCollum was responsible for returning his property to him. Davis has not alleged facts showing Lt. McCollum was aware that he was unable to shower for nine days due to a lack of basic hygiene supplies or that Lt. McCollum was otherwise personally involved in depriving him of his property. *Palmer v. Marion Cty.*,

327 F.3d 588, 594 (7th Cir. 2003) (a § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim."); *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Here, Davis has, at most, alleged facts that may indicate Lt. McCollum was negligent in not returning his personal property. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Davis's complaint does not state a claim for which relief can be granted. If Davis believes he can state a claim based on (and consistent with) the events described in his complaint as they pertain to his conditions of confinement claim against Lt. McCollum, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES Ms. Jiles pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS Jarmone D. Davis until **May 19, 2023**, to file an amended complaint pertaining only to the conditions of confinement claim against Lt. McCollum as described in this order; and

(3) CAUTIONS Jarmone D. Davis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the claim that is proceeding in this case does not state a claim for which relief can be granted.

SO ORDERED on April 17, 2023

/s/ Jon E. DeGuilio
CHIEF JUDGE
UNITED STATES DISTRICT COURT